WARD BAKING COMPANY, Respondent, *v.* ROBERT W. TOLLEY and TOLLEY CAKE CORPORATION, Appellants.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on February 1, 1927, restraining defendant Tolley from continuing the breach of contract between him and the plaintiff and restraining the defendant corporation from co-operating with Tolley in such conduct.

Judgment affirmed, with costs. No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and O'Malley, JJ.; Merrell and McAvoy, JJ., dissent in opinions.

McAvoy, J. (dissenting). We think this contract is unenforcible by an injunction so broadly restrictive in character. It shuts out the defendant Tolley from the common trade of cake baking without any real secret processes for ten years, over a territory covering most of the eastern part of the United States. It is true it follows the covenant of a contract which plaintiff procured defendant to sign when he entered plaintiff's employment, but that contract is so lacking in real mutuality, so laterally inclined toward plaintiff's interest and so violative of public policy's notion of the sort of covenants which equity should interpose to enforce, that no aid should be rendered toward that end.

MERRELL, J. (dissenting). I concur in all my associate, Mr. Justice McAVOY, says, and further dissent upon the ground that we are left in serious doubt as to whether plaintiff had any secret process in cake manufacture. Certain it is, defendant is not shown to have divulged any information concerning the same, nor does it appear that plaintiff's alleged secret process was ever used by the defendant or those with whom he became associated in the manufacture of cake after leaving plaintiff's employ. If defendant or the corporation with which he became identified had made use of any secret processes of plaintiff, it would seem that plaintiff could easily have established such piracy upon the trial and thus have justified its demand that defendant be enjoined. No attempt was made to prove such fact. Under such circumstances I think it would be unjust and inequitable to deprive defendant of the right to earn a livelihood at the only trade he knows. I, therefore, dissent and vote to reverse the judgment appealed from.